IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AUDREY PENN KOREN, | * |
| Plaintiff, | * |
| v. | *   Case No. DKC-17-194 |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the pending dispositive motion and to make recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 301.5(b)(ix). This Report and Recommendations addresses Defendant Commissioner of Social Security's ("the Commissioner's") Motion to Dismiss the Complaint Without Prejudice Or, In The Alternative, To Transfer Venue ("Motion to Dismiss or to Transfer Venue"), [ECF No. 8], and the Opposition thereto filed by Plaintiff Audrey Penn Koren ("Plaintiff"), [ECF No. 11]. The Commissioner has not filed a reply. Having reviewed these filings, I find that a hearing is not necessary. *See* Loc. R. 105.6 (2016). For the reasons stated herein, I recommend that the Commissioner's Motion to Dismiss or to Transfer Venue be DENIED IN PART and GRANTED IN PART, and that venue be transferred to the U.S. District Court for the Middle District of North Carolina.

I.   **BACKGROUND**

Plaintiff filed a Complaint against the Commissioner in the United States District Court for the District of Maryland on January 20, 2017. Pl.'s Compl., [ECF No. 1]. The Complaint

invokes 42 U.S.C. § 405(g), which provides this Court with jurisdiction to review a final determination of the Commissioner. *Id.* at 1. Plaintiff alleges that "[a]t all times relevant to the facts, background, events and communications which form the basis for this Complaint, Plaintiff was a resident and citizen of the State of Maryland … [and] has, at all times, retained her presence in the State of Maryland" by virtue of a Post Office Box assigned to her in Olney, Maryland. *Id.* at 1-2. Plaintiff further alleges that she "presently resides in, the State of North Carolina[.]" *Id.* at 2. Plaintiff asks the Court to review the Social Security Administration's final decision regarding overpayment of benefits. *Id.*

## II.    ANALYSIS

Sovereign immunity acts as a limiting principle on the jurisdiction of federal courts because "[t]he United States, as sovereign, is 'immune from suit save as it consents to be sued … and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). With respect to claims against the Social Security Administration, the Social Security Act (the "Act") provides a waiver of sovereign immunity and allows an individual to bring a claim arising under the Act in the circumstances outlined by 42 U.S.C. § 405(g).

42 U.S.C. § 405(g), the statute on which the Commissioner bases its motion, provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. *Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does*

> *not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia....*

42 U.S.C. § 405(g) (emphasis added).  Additionally, pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The Commissioner contends that Plaintiff's case should be dismissed without prejudice or, in the alternative, transferred, because Plaintiff is a current resident of Durham, North Carolina and has not established that she resides or has a principal place of business in Maryland.  Def.'s Mot., [ECF No. 8, 2] (citing *Phillips v. Social Security Administration*, 2013 WL 4035354 at *1 (4th Cir. Aug. 9, 2013)).

     Plaintiff objects to the transfer.  *See* Pl.'s Opp., [ECF No. 11].  Plaintiff argues that she meets the residency and place of business requirements necessary to bring this action in the U.S. District Court for the District of Maryland under 42 U.S.C. § 405(g).  Pl.'s Compl., [ECF No. 1, 1-2].  Plaintiff avers that she is a resident and citizen of Maryland for purposes of this matter because all of the underlying facts and conduct giving rise to this cause of action occurred in Maryland; she has continuously maintained her presence in Maryland by keeping a Post Office Box in the state; and she is a children's book author "primarily engaged in that occupation from her home in the State of Maryland."  Pl.'s Compl., [ECF No. 1, 1-2].  Pl.'s Opp., [ECF No. 11, 2-4].  Even if they all had been contained in the Complaint, however, these factual allegations are insufficient to support Plaintiff's claim of residency in Maryland where Plaintiff concedes that she has resided in North Carolina continuously since 2012.  Pl.'s Opp., [ECF No. 11, 3]; Pl.'s Compl., [ECF No. 1 at Ex. A] (reflecting correspondence in Plaintiff's name delivered to a Durham, North Carolina address).  Moreover, Plaintiff offers no specific factual details or evidence to support her claim that she currently engages in business as a children's book author

3

in Maryland, despite living continuously in North Carolina.[1] Since Plaintiff fails to show that she presently resides or has a principal place of business in Maryland, this Court lacks subject matter jurisdiction over this case according to 42 U.S.C. § 405(g). *See Phillips v. Social Security Administration*, 2013 WL 4035354 at *1 (4th Cir. Aug. 9, 2013)).

Alternatively, Plaintiff asks the Court to allow this action to remain in Maryland by exercising its discretion to change venue under 28 U.S.C. § 1404(a). Pl.'s Opp., [ECF No. 11, 1]. 28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." While Plaintiff correctly notes that 28 U.S.C. § 1404(a) may appropriately be applied to a matter brought pursuant to 42 U.S.C. § 405(g), *see* Pl.'s Opp., [ECF No. 11, 1] (citing *O'Brien v. Schweiker*, 563 F. Supp. 301 (E.D. Pa. 1983), 28 U.S.C. § 1404(a) does not supplant the Court's need for subject matter jurisdiction, in the first instance. Here, there is no consent between the parties as to venue in Maryland, so the Court may only transfer this action to a district "*where it may have been brought.*" 28 U.S.C. § 1404(a) (emphasis added). As determined above, Plaintiff has only shown that this § 405(g) action could have been brought in North Carolina, where Plaintiff now resides. *See* 42 U.S.C. § 405(g). Accordingly, I recommend that the Court transfer this action to North Carolina. *See* 28 U.S.C. § 1406(a); *Davis Media Group, Inc. v. Best Western Int'l, Inc.*, 302 F. Supp. 2d 464, 470 (D. Md. 2004) ("Transfer is more in the interest of justice than dismissal.") (citations omitted).

---

[1] The motivation precipitating Plaintiff's decision to move from Maryland to North Carolina is immaterial to this determination. *See* Pl.'s Opp., [ECF No. 11, 3-4].

### III.   CONCLUSION

For the aforementioned reasons, I recommend that the Commissioner's Motion to Dismiss the Complaint Without Prejudice Or, In The Alternative, To Transfer Venue, [ECF No. 8], be denied in part as to dismissal and granted in part as to the transfer of venue to the U.S. District Court for the Middle District of North Carolina.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

### IV.   NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:       July 26, 2017                                             /s/
                                                                Stephanie A. Gallagher
                                                                United States Magistrate Judge